UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER GARDNER,<br><br>　　　Plaintiff,<br><br>　vs.<br><br>ALFRED LETCHER,<br><br>　　　Defendant. | 2:12-cv-00488-KJD-RJJ<br><br>**ORDER**<br><br>Defendants's Emergency Motion to Stay Discovery Pending a Decision on the Appeals of the State Court Action  (#13) |

This matter came before the Court on Defendants's Emergency Motion to Stay Discovery Pending a Decision on the Appeal of the State Court Action (#13). The Court considered Defendant's Motion (#13), Plaintiff's Response (#24) and Defendant's Reply (#28).

**BACKGROUND**

This case arises from a foreign judgment concerning the sale of a mining site in Arizona by the Defendant, Alfred Letcher, to the Plaintiff, Christopher Gardner.  The sale was for $3.6 million in 2008.  Gardner paid the full purchase price and Letcher delivered the property to him. Prior to the sale, according to Gardner, the parties signed a Definitive Purchase Agreement which allowed Gardner to rescind the contract within 12 months of the sale for return of the full purchase price, less $50,000 in liquidated damages.   Letcher denies that such an agreement was ever entered into and contends that the Definitive Purchase Agreement is a forged contract. Gardner alleges that in early 2009 he requested a recision in accordance with the Definitive Purchase Agreement and Letcher refused.

///

**SWITZERLAND JUDGMENT AND FEDERAL COURT ACTION**

On July 8, 2009, Gardner commenced litigation against Letcher for breach of contract in the court of Canton of Vaud, Switzerland. Gardner claims that he properly served Letcher with notice of the action on June 6, 2010. Letcher contends that he was never notified of the litigation in Switzerland. The parties agree that Letcher failed to appear or defend himself in the Swiss action. On May 3, 2011, the court in Switzerland entered a default judgment against Letcher for $3.6 million in favor of Gardner.

On March 22, 2012, Gardner filed the present case in the United States District Court to recognize the Swiss Judgement. This case is based upon Nevada's Uniform Foreign Country Money Judgments Recognition Act and is in federal court on diversity jurisdiction.

**NEVADA STATE COURT ACTION**

In addition to the present case, the parties are also litigating a case in Nevada state court. The state case arose after Gardner recorded a Notice of Lien with the Clark County recorders office against Letcher's Las Vegas property at 2265 Coral Ridge, Henderson, Nevada. Gardner recorded that lien on July 29, 2009, almost a year before allegedly notifying Letcher of the Swiss action. Subsequently, on November 12, 2010, Letcher filed an Application for Order to Appear and Show Cause Why Notice of Lien and Notice of Lis Pendens Should Not be Expunged in the Eighth Judicial District Court of Nevada. After a hearing on the matter, the state court granted Letcher's Application, the lien was expunged, and on December 8, 2010, Letcher sold the Coral Ridge property.

On June 29, 2011, after the Swiss judgment was entered, Gardner filed a state action seeking foreclosure on the 2265 Coral Ridge Property. On February 21, 2012, Letcher filed a Motion for Summary Judgment asserting three grounds: (1) Letcher did not own the Coral Ridge property and therefore Gardner could not foreclose on it; (2) Gardner could not rescind the

contract because Gardner no longer owned the mining site in Arizona[1]; and (3) Letcher disputed the terms of the Definitive Purchase Agreement, as well as the authenticity of his signature on the Definitive Purchase Agreement[2]. On March 26, 2012, the state court granted Letcher's Motion for Summary Judgment on all three grounds.

On April 5, 2012, Gardner filed a motion for reconsideration of the Summary Judgment Order. On June 8, 2012, the state court granted the motion in part limiting the grounds for summary judgment to the fact that Letcher no longer owned the Coral Ridge Property. Both Gardner and Letcher appealed the state court order.

**MOTION TO STAY DISCOVERY**

In the present motion (#13), Letcher has moved to have discovery stayed until the conclusion of the state action. Letcher argues that discovery in this case should be stayed based on either the *Younger* or *Colorado River* doctrine. Gardner has objected to the motion in his Response (#24), asserting neither *Younger* or *Colorado River* apply in the present case. Letcher filed a Reply (#28.)

**DISCUSSION**

**COLORADO RIVER DOCTRINE**

"In exceptional circumstances, the court may stay or dismiss an action where there are 'substantially similar' concurrent state court proceedings." *Casablanca Resorts, LLC v. Backus*, 2007 WL 951946, *1 (D. Nev. March 28, 2007) (citing *Colorado River Water Conservation Dist. United States*, 424 U.S. 800, 817 (1976). However, when a case only involves questions of state law, the requirement for exceptional circumstances does not apply. *Southwest Circle*

---

[1] In January 2010, Gardner lost his claim to the mining cite in Arizona for failure to pay certain Bureau of Land Management ("BLM") fees. Letcher subsequently re-acquired the claim on June 8, 2010 after paying the BLM fees.

[2] The Defendant argued summary judgment was appropriate because the Plaintiff did not produce the original copy of the Definitive Purchase Agreement as required by Nevada's best evidence rule.

1  *Group, Inc. v. Perini Bldg. Co.*, 2010 WL 2667335, *1 (D. Nev. June 29, 2010) (holding
2  "[w]hile exception under *Colorado River* is limited to 'exceptional circumstances,' . . . such a
3  limitation only relates to cases which involve questions of federal law.")

   The purpose of a stay is to "avoid unnecessary state-federal conflict . . ." *Southwest Circle Group*, 2010 WL 2667335, *1. In order for a federal court to abstain, there must be a parallel or substantially similar state court proceeding. *Security Farms v. Int's Broth. Of Teamsters, Chauffers, Warehousemen, & Helpers*, 124 F.3d 999, 1009 (9th Cir. 1997). The *Colorado River* doctrine requires a federal court to abstain from exercising jurisdiction during the pendency of state court proceedings when necessary to promote "wise judicial administration, conservation of judicial resources, and comprehensive disposition of litigation." *Southwest Circle Group*, 2010 WL 2667335, *2 (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989)).

   To determine whether a stay is appropriate, the court considers the following factors: "(1) whether either court has assumed jurisdiction over a res; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; and (6) whether the state proceeding is adequate to protect the parties' rights." *Casablanca Resorts*, 2007 WL 951946, *1(citing *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir.1989). These factors should be "applied in a pragmatic and flexible way, as part of a balancing process rather than as a 'mechanical checklist.'" *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir. 1988)

   1. <u>Similarity of the Cases</u>

   Gardner asserts that the Swiss Judgment, the state action, and the federal action are entirely separate cases that address entirely different issues. As Letcher points out, this is not accurate. All three cases are related to each other and all arise out of the same transaction, Gardner's desire to rescind the sale of the mine. Additionally, the allegations in each case lay out

4

the same facts and dispute. See Defendant's Reply to Opposition to Motion to Stay (#28) at 3-4. Accordingly, the state action and the federal action are substantially similar and the *Colorado River* doctrine is applicable.

2. <u>Jurisdiction over the Res</u>

Letcher argues that this factor is inapplicable because although the State court had jurisdiction over the Coral Ridge property in Henderson when Gardner initially tried to foreclose on it, now neither court has jurisdiction over a res. Further, the federal court never had jurisdiction over any res. Gardner counters that this element is not met because the Coral Ridge property which is the subject of the foreclosure "is in no way related" to the Swiss Judgment. This contention by Gardner is incorrect. The foreclosure is directly related to the Swiss Judgment because the Swiss Judgment is for the money that Gardner asserts Letcher owes him, and the foreclosure proceeding is an effort to collect that money. Still, because the state court no longer has jurisdiction over the property and the federal court never had such jurisdiction, this element weighs in neither party's favor.

3. <u>Convenience of the Forum</u>

When looking to the convenience of the forums, the questions is "whether the inconvenience of the federal forum is so great that this factor points toward abstention." *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1368 (9th Cir. 1990) (citing *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir.1988)). Letcher argues that the state court is the more convenient forum because the state court proceeding was pending for almost a year and a half before the federal case was filed. Gardner argues that the state court is just as convenient as the federal court because the courts are only separated by two blocks.

This exact situation was presented to the court in *Southwest Circle Group*. See *Southwest Circle Group*, 2010 WL 2667335, *1. In that case, the Eight Judicial District Court of Nevada and the U.S. District Court of Nevada were the forums at issue and the state court action was filed significantly before the federal court action. *Id*. There, the court weighed the

convenience between the forums and found that "[n]either forum is more convenient than the other." *Southwest Circle Group*, 2010 WL 2667335, *3.  Accordingly, the court decided that "[t]his is not a factor to be considered." *Id*.

In this case, the identical forums are at issue and just as in *Southwest Circle Group*, the state action was filed significantly earlier than the federal action.  See *Southwest Circle Group*, 2010 WL 2667335, *1.   Therefore, neither forum is more convenient and this factor is not decisive.

### 4. Avoiding Piecemeal Litigation

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *American Int'l Underwriters*, 843 F.2d at 1258.  Letcher argues that this factor weighs in favor of abstention because Gardner could have brought the Swiss judgment recognition claim in the state action but failed to do so. Further, a decision in this case may render any subsequent judgment in the state action nugatory. Gardner, on the other hand, contends that the two cases are entirely distinct because the state action is a foreclosure action and the federal action seeks a recognition of a foreign judgment.

Both pending cases arise out of the same transaction and occurrence and represent precisely the piecemeal litigation the doctrine seeks to avoid.  "Differences in the pace of the proceedings and potential contradictory results are just two examples of the mischief which can result [from] piecemeal litigation." *Southwest Circle Group*, 2010 WL 2667335, *3. Accordingly, this factor weighs in favor of a stay.

### 5. Order of Obtaining Jurisdiction

Here, the state court obtained jurisdiction almost a year and a half before the federal court.  Further, the state action is currently on appeal, and therefore has progressed much further than the federal action.  Accordingly, this factor weighs in favor of a stay.

### 6. State Law Controls

The "presence of state-law issues may weigh in favor of . . . surrender" only "in some rare

6

circumstances." *Travelers Indem.*, 914 F.2d at 1370 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 26 (1983)). When the issue is "routine" no "rare circumstances" exist. *Travelers Indem.*, 914 F.2d at 1370. When there is doubt as to whether a factor exists it should be resolved against a stay. See *Travelers Indem.*, 914 F.2d at 1369. In this case, there is only a state law issue before the court. Recognition of a foreign judgment is routine. Therefore, this factor weighs against a stay.

       7. <u>Adequacy of State Court</u>

This factor "involves the state court's adequacy to protect federal rights." *Travelers Indem.*, 914 F.2d at 1370. Because there are no federal rights to be protected here, this factor weighs in favor of a stay.

Thus, the majority of the *Colorado River* factors weigh in favor of a stay. Further, a stay will prevent piecemeal litigation, which is the precise purpose of a stay. Accordingly, a stay of discovery is appropriate in this case under the *Colorado River* Doctrine.

**YOUNGER DOCTRINE**

An analysis of the Younger Doctrine is not necessary as the Court has determined a stay of discovery is appropriate under the Colorado River Doctrine.

### **CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendants's Emergency Motion to Stay Discovery Pending a Decision on the Appeals of the State Court Action (#13) is **GRANTED**.

DATED this <u>11th</u> day of October, 2012.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge