UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHRISTOPHER GARDNER,

    Plaintiff,

v.

ALFRED LETCHER,

    Defendant.

Case No.   2:12-cv-00488-KJD-NJK

**ORDER**

    Presently before the Court is Defendant's Motion for Summary Judgment (#58). Though the time for doing so has passed, Plaintiff has failed to file a response in opposition. Defendant filed Certificate of Service (#58, p.11) certifying that the motion was served on Plaintiff by mail and via Federal Express at Plaintiff's address in Switzerland. Having read and considered the motion on the merits, and no genuine issue of material fact being found, and in accordance with Local Rule 7-2(d), the motion for summary judgment is granted.

    Pursuant to Nevada Revised Statute ("NRS") 17.70, the Court cannot recognize a foreign-country judgment if the "foreign court did not have personal jurisdiction over the defendant." Insufficient service of process is enough to demonstrate lack of personal jurisdiction. *See Oak Point Partners v. Lessing*, 2012 U.S. Dist. Lexis 133407 (N.D. Cal. Sept. 18, 2012)(citing *SEC v. Internet Solutions for Bus., Inc.*, 509 F.3d 1161 (9th Cir. 2007). Under Federal Rule of Civil Procedure 4(f),

service of process upon individuals in foreign countries is governed by methods set forth by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention. *See* Fed. R. Civ. P. 4(f)(1). Article 3 of the Hague Convention governs the method and rules by which the central authority processes the documents. Any failure to comply with the provisions of the Hague Convention nullifies service. *See Dahya v. Second Jud. Dist. Court*, 19 P.3d 239, 242 (Nev. 2001). Here it is undisputed that no summons was served and that the "Summary of the Document to be Served" form was not completely filled out. There is also no evidence that service was accomplished by other means that would have satisfied the Hague Convention. Therefore, service under the Hague Convention was void and the Swiss court did not have personal jurisdiction over Defendant. Finally, Gardner has failed to respond to Requests for Admission propounded under Rule 36(a). The failure to answer or object to a request for admission is itself an admission. *See Am. Tech. Corp. v. Mah*, 174 F.R.D. 687, 689 (D. Nev. 1997)(*citing Asea, Inc. v. Southern Pac. Transp. Corp.*, 669 F.2d 1242, 1245 (9th Cir. 1981). Therefore, Gardner has admitted that service did not comport with the requirements of the Hague Convention.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (#58) is **GRANTED**;

IT IS FURTHER ORDERED that all other outstanding motions are **DENIED as moot**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendant and against Plaintiff.

DATED this 18th day of July 2014.

_____
Kent J. Dawson
United States District Judge